```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

EUGENE P. FLEMING,              )
          Plaintiff,            )
                                )
     v.                         )  Civil Action No. 04-10112-
                                )  JLT
                                )
BROOKLINE DISTRICT COURT,       )
          Defendant.            )
```

MEMORANDUM AND ORDER

On January 15, 2004, plaintiff Eugene P. Fleming[1] filed a civil complaint against the Brookline District Court accompanied by an Application to Proceed Without Prepayment of Fees. This action is based upon the sole allegation that in 1994, plaintiff was sent to Norfolk Superior Court despite the fact that he did not have a criminal indictment from Brookline District Court.

For the reasons stated below, (1) plaintiff's Application to Proceed Without Prepayment of Fees is denied without prejudice; and (2) if plaintiff files a new Application, he is directed to also demonstrate good cause why this action should not be dismissed for the reasons stated below.

DISCUSSION

I.  Plaintiff Must Either Pay the Filing
    Fee or Submit a Certified Prison Account Statement

---

[1]Although the complaint lists plaintiff's name as Fleming, the documents accompanying the complaint list plaintiff's name as Flemon.

A prisoner filing a complaint in this Court must either (1) pay the $150.00 filing fee for such actions or (2) file an application to proceed in forma pauperis with a certified prison account statement. See 28 U.S.C. § 1914 ($150.00 filing fee); § 1915 (proceedings in forma pauperis).

Plaintiff filed an Application to Proceed Without Prepayment of Fees, but did not submit a certified prison account statement for the 6-month period immediately preceding the complaint as required by Section 1915. See 28 U.S.C. § 1915(a)(1). Although prisoner litigants may file applications for fee waiver, under Section 1915, they are only excused from having to pay the entire filing fee up-front and the Court must assess an initial partial filing fee. Id. § 1915(b)(1).[2] The Court cannot assess an initial partial filing fee without plaintiff's certified prison account statement. Thus, plaintiff's application will be denied without prejudice to its re-filing with a certified prison account statement. If plaintiff submits the filing fee or a new application with a certified prison account statement, he is also directed to demonstrate good cause why this action should not be

---

[2]After the assessment of an initial partial filing fee, prisoner litigants are obligated to make monthly payments equaling 20% of the preceding month's income each time the account exceeds $10 until the statutory filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

dismissed. If plaintiff fails to submit a new application or to pay the filing fee, this action shall be dismissed without prejudice.

    II. <u>Plaintiff's Complaint is Subject to Screening</u>

Because plaintiff is a prisoner, he also is advised that he is subject to the provisions of the Prison Litigation Reform Act. The Prison Litigation Reform Act of 1995 ("PLRA"), Title VIII of Pub.L. 104-134, 110 Stat. 1321-1375 (1996), enacted several provisions which grant this Court the authority to screen and dismiss prisoner complaints. <u>See</u> 28 U.S.C. § 1915 (proceedings <u>in forma pauperis</u>); 28 U.S.C. § 1915A (screening of suits against governmental officers and entities).

Section 1915 authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action lacks an arguable basis either in law or in fact, <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief. <u>See</u> 28 U.S.C. 1915(e)(2). <u>In forma pauperis</u> complaints may be dismissed <u>sua sponte</u> and without notice under Section 1915 if the claim is based on an indisputably meritless legal theory or factual allegations

that are clearly baseless.  Id.; Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

Section 1915A authorizes the Court to review prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity and to dismiss the action regardless of whether or not the plaintiff has paid the filing fee, if it lacks an arguable basis in law or fact, fails to state a claim, or seeks relief from a defendant immune from such relief.  28 U.S.C. § 1915A.

If plaintiff submits a new account statement, the Court will screen plaintiff's complaint on the merits pursuant to its authority under these provisions.  Even construing plaintiff's pleadings generously, Haines v. Kerner, 404 U.S. 519, 520 (1972), plaintiff's action is subject to dismissal for the reasons stated below.

   III.   Plaintiff's Complaint is Subject to Dismissal

To the extent plaintiff asserts a civil rights claim against the Brookline District Court, he cannot do so pursuant to 42 U.S.C. § 1983.  In order to state a Section 1983 claim, a plaintiff must allege (1) that the conduct complaint of was committed by a person acting under color of state law; and (2) that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the

United States.  <u>Rumford Pharmacy, Inc. v. City of East Providence</u>, 970 F.2d 996 (998 (1st cir. 1992).

As an initial matter, the Brookline District Court is not a person within the meaning of Section 1983.  Additionally, the Brookline District Court is an arm of the state, and as such, is immune from plaintiff's action for money damages.  Accordingly, plaintiff's claims against the Brookline District Court are subject to dismissal.

<u>ORDER</u>

Based upon the foregoing, it is hereby

ORDERED, plaintiff's Application to Proceed Without Prepayment of Fees is denied without prejudice; and it is further

ORDERED, if plaintiff wishes to proceed with this action, he shall, within forty-two days of the date of this Order, (1) file a new Application accompanied by his prison account statement and (2) demonstrate good cause why this action should not be dismissed for the reasons stated above.

The Clerk is directed to send plaintiff an Application to Proceed Without Prepayment of Fees and Affidavit.

SO ORDERED.

Dated at Boston, Massachusetts, this <u>24th</u> day of <u>May</u>, 2004.

/s/ Joseph L. Tauro
JOSEPH L. TAURO
UNITED STATES DISTRICT JUDGE